STATE, ex rel. ALLIED WHEEL PRODUCTS, INC., Relator, v.
INDUSTRIAL COMMISSION OF OHIO, Respondents.

Ohio Appeals, Second District, Franklin County.

No. 5139.   Decided February 16, 1956.

Cobourn, Yager, Notnagel, Smith & Beck, Fred A. Smith, Robert A. Strickling, Vernon E. Rohrbacher, of Counsel, Toledo, for relator.

C. William O'Neill, Atty Genl., James L. Young, John R. Barrett. Asst. Attys. Genl., Columbus, for respondents.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

This is an original action in mandamus seeking to compel the respondents to vacate an order granting an employe's application for an additional award of compensation in an amount equal to 50% of his maximum weekly rate, against relator for violation of a specific requirement.

On January 9, 1954, the Supreme Court denied relator's petition asking for identical relief, without passing upon the merits. **State, ex rel. v. Industrial Commission, 161 Oh St 555.**

Relator's right to relief is to be determined upon the pleadings, stipulation of the parties and the record of the proceedings before the Commission.

Claimant was injured September 12, 1950. and received compensation for disability. On September 30, 1951, she filed her application for an additional award, alleging that her hand was pulled into the belt and cogwheels of an unguarded lathe, as a result of which she sustained her injury. She further alleged that her employer violated the following specific requirements causing her injury:

"By permitting guard to be removed from lathe and to be unprotected in violation of Section 7, Chapter 2, page 15 of the Bulletin of the Industrial Commission * * * in that horizontal belt and pulleys 6 feet or less above floor was unguarded, and in violation of Section 10 of said Chapter and Bulletin relating to gears and sprockets."

On December 22, 1952, the Commission indicated that it would not allow the claim because the cited specific requirements were not effective until January 1, 1951, after the injury was sustained. But leave was granted claimant to cite any other requirement which she might claim was violated. Pursuant to such leave, on December 23, 1952, in a letter to the Commission, claimant asserted for the first time a violation of Section 7, Bulletin 203 of the Code of Specific Requirements, effective as of January 1, 1924. Relator objected to the action of the Commission in allowing the amendment to the claim on the ground that the amended claim was not filed within two years after the injury, as required by §1462-72(a) GC (§4123.84 R. C.). Rule I, with respect to the filing of claims for an additional award, provides in substance that an application for an additional award must be filed within two years of the injury on forms prescribed by the Commission "setting forth the facts which are the basis of the alleged violation, and the section or sections of the law or code of specific requirements applicable." In her application, the claimant set forth the facts constituting the basis of the alleged violation, but cited no applicable code. The requirements made in Section 10 of Bulletin 203, effective January 1, 1951, are substantially identical with those made in Section 7 of Bulletin 203, effective January 1, 1924.

In our opinion the amendment did not so substantially change the claim as to amount to a new claim filed more than two years after the injury. In allowing the amendment and in proceeding to hear the claim as amended, the Commission did not abuse its discretion.

The amendment allowed in the instant case is to be distinguished from that involved in State, ex rel. DeBoe v. Industrial Commission, 161 Oh St 67. In the DeBoe case, the Commission found that the specific requirement designated in the application had not been violated, and then the claimant for the first time claimed a violation of another and different safety requirement.

Relator further asserts that respondent's rule with respect to notice and hearing upon the amended application was not complied with: also that the record does not show any violation of any specific requirement. In this proceeding, it is incumbent upon the relator to show that the action of the respondents amounts to an abuse of discretion. State, ex rel. Stuber v. Industrial Commission, 127 Oh St 325; State, ex rel. Berry v. Industrial Commission, 129 Oh St 228. Upon consideration of the entire record, there is evidence upon which the Commission's finding may properly rest, and in this circumstance, the determination of the Commission is final and we can not find an abuse of discretion. State, ex rel. Howard Eng., etc., v. Industrial Commission, 148 Oh St 165; State v. Ohio Stove Co., 154 Oh St 27.

Finally, relator contends that the award of the maximum amount,— 50%, is excessive and constitutes a gross abuse of discretion. Under

Article II, Section 35. Ohio Constitution, the Commission may make an additional award "such amount as shall be found to be just, not greater than fifty nor less than fifteen percentum of the maximum award established by law," etc.

The phrase "maximum award" means the maximum amount per week which the Commission may award the injured workman. **State, ex rel. Engle v. Industrial Commission, 142 Oh St 425, 437.** In fixing the amount, the Commission exercises broad discretion in determining what is just. We can not say that the Commission abused its discretion in awarding the claimant the maximum amount.

Having failed to show a clear right to relief, the writ is denied and the petition is dismissed at relator's costs.

MILLER, PJ, HORNBECK, J, concur.